# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-490-S

**MICHAEL LYNN JOHNSON**                                            **PLAINTIFF**

**v.**

**NATIONAL CITY BANK CORP.**                                    **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Michael Lynn Johnson, filed a *pro se* complaint against Defendant National City Bank. Because Plaintiff is proceeding *in forma pauperis*, the Court must *sua sponte* screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this action for failure to state a claim.

## I.

Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a complaint has stated a claim upon which relief may be granted, the factual allegations in a complaint need not be detailed; they "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted). However, " a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S.__,129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.**

Plaintiff submitted his complaint using the Court's pre-approved, general complaint form. In the section of the form asking Plaintiff to list his "grounds for filing this case in Federal Court," Plaintiff states: "I was denied the cashing of my social security disability check on 7/03/09, first time in 14 years at National City." In the statement-of-claim section, Plaintiff elaborates as follows:

> National City Bank on 7/03/09 denied me after that date to cash my social security $1108.00 disability check. I've cashed it at National City since 1995. The Lady (teller) said there have been policy changes. You now have to have all the funds to cover that non-national city check. I said "Lady this is a government check and I am on a fixed income and that I'll never have that amount in my account." She said you have to have a direct deposit. I said I did not want direct deposit and neither the government nor you can or has demanded direct deposit, it's not mandatory. The Bank gets fees off of direct deposit. Both check and direct deposit money is coming from the same source. The Government. Why I am discriminated against because I choose not to have direct deposit. This policy violates my civil rights. I don't know

2

> if me being a black man has anything to do with this. I know that most of the direct depositers don't have equal amount in their account.

Plaintiff is seeking "equal policies for both check cashiers and direct deposit holders at National City Banks" and "money damages and punitive damages."

"The Constitution's protections of individual liberty and equal protection apply in general only to action by the government." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). National City Bank is a private organization, not a governmental entity. *See, e.g.*, *Panis v. Mission Hills Bank, N.A.*, 1993 U.S. Dist. LEXIS 14078 (D. Kan. Sept. 30, 1993) ("Although Mission Hills Bank is a national bank, it is a private organization, not a governmental entity."). Thus, Plaintiff may not sue Defendant National City Bank under the Equal Protection Clause of the Fourteenth Amendment.

However, 42 U.S.C. § 1981 prohibits racial discrimination with respect to the right to make and enforce contracts with both public and private actors. The statute's protection extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* "While § 1981 is generally invoked in the employment context *e.g.*, claims of hostile environment, failure to promote, or wrongful dismissal, litigants have also brought suit under the statute for claims of discrimination in retail and service settings." *Christian v. Wal-Mart Stores*, 252 F.3d 862, 868 (6th Cir. 2001). In the Sixth Circuit to establish a prima facie § 1981 commercial establishment case, a plaintiff must prove that:

> (1) he is a member of a protected class;
>
> (2) he sought to make or enforce a contract for services ordinarily provided by the defendant; and
>
> (3) he was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) he was deprived of services while similarly situated persons outside the protected class were not and/or (b) he received services in a markedly hostile manner and in a manner which a reasonable person would find

objectively discriminatory.

*Id.* at 872.

Plaintiff alleges that he is an African-American. As an African-American, he is a member of a protected class. Thus, Plaintiff satisfies the first prong of the analysis. Plaintiff sought to cash a check at National City Bank; thus he also satisfies the second prong. Plaintiff's allegations, however, do not establish the third prong. Plaintiff alleges that National City would not cash his check based on the amount of money contained in his account. He does not allege that the policy is enforced only against African-Americans or that it was enforced against him because he is an African-American. As such, Plaintiff cannot state a § 1981 claim against Defendant.

For the reasons set forth above, the Court will enter a separate Order dismissing this action for failure to state a claim.

Date: February 11, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.008

4